## Clarence V. KNIGHT, Plaintiff—Appellant,

v.

## M.J. NIMROD, Defendant—Appellee.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 19, 2003.

Clarence V. Knight, pro se, Soledad, CA, for Plaintiff–Appellant.

Sara Turner, Esq., Denise Alayne Yates, Esq., Office of the California Attorney General, San Francisco, CA, for Defendant–Appellee.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Clarence V. Knight, a California state prisoner, appeals pro se the district court's

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

judgment, on remand from this Court, dismissing his 42 U.S.C. § 1983 action on qualified immunity grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's decision regarding qualified immunity in a section 1983 action. *Elder v. Holloway*, 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994). We affirm in part, reverse in part, and remand.

The district court properly determined that officer Nimrod had not violated a clearly established right with regard to Knight's allegation that Nimrod had refused to file his second grievance against officer Heflick. *See Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Nimrod's instruction that Knight combine the grievances on one form in order to streamline grievance processing "was not so far-fetched that its illegality was necessarily obvious to a reasonable prison official." *See Sorrels v. McKee*, 290 F.3d 965, 971 (9th Cir.2002).

The district court improperly granted Nimrod qualified immunity, however, with regard to Knight's allegation that Nimrod refused to file a grievance in which Nimrod himself was a named party. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) ("The right of meaningful access to the courts extends to established prison grievance procedures."). Whether Nimrod did not process the grievance because he did not think it was meritorious, or out of a desire to protect himself, "[f]rom the prisoner's point of view, the chilling effect is the same." *Id.* Because the record is devoid of evidence that Nimrod acted pursuant to established policy, the district court incorrectly concluded that a reasonable officer could have believed such conduct lawful. *See id.; see also* 42 U.S.C. § 1997(e)(a).

Each side shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

